**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JORDAN DAIGLE,**

    **Plaintiff,**

v.                                                         **No. 22-cv-0652 SMV/GBW**

**TURNCO ENTERPRISES, LLC.,**
**and MEWBOURNE OIL CO.,**

    **Defendants.**

## ORDER TO FILE JOINT NOTICE REGARDING MOTIONS TO APPROVE FLSA SETTLEMENT AND TO SEAL

THIS MATTER is before the Court on: (1) Plaintiff's Unopposed Motion to Approve FLSA Settlement and Attorneys' Fees and Costs ("Motion to Approve") [Doc. 55] and (2) Plaintiff's Unopposed Motion to File Under Seal ("Motion to Seal") [Doc. 56]. Both motions were filed on June 17, 2022.

### BACKGROUND

Plaintiff filed this case on July 2, 2020, on behalf of himself and other similarly situated oilfield workers. [Doc. 1]. Plaintiff alleges he and other similarly situated oilfield workers were paid a daily rate but were not paid overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 to -30. *Id*. Plaintiff sought unpaid overtime wages, liquidated damages and attorneys' fees and costs. *Id*. Plaintiff's FLSA claim was asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his NMMWA claim was asserted as a class action under Federal

Rule of Civil Procedure 23. *Id*. Defendants denied the allegations and raised several affirmative defenses. [Docs. 13, 15].

Plaintiffs sought conditional certification of the collective for the FLSA claim and for notice to be distributed to the putative members of the collective. [Doc. 28]. Thereafter, the parties stipulated to conditionally certify a collective of "[a]ll Oilfield Workers Assigned by Turnco Enterprise, LLC to Work At Mewbourne Oil Company Wells At Anytime Since July 2, 2017 to the Present." [Doc. 33]. Plaintiff did not seek certification of a class related to his NMMWA claim. [Doc. 28].

At the close of the opt-in period in June 2021, three individuals had opted to join Plaintiff in the FLSA claim (the "FLSA Collective Members"). [Doc. 39] at 1. On request by the parties, the Court stayed the matter while the parties exchanged informal discovery and negotiated a settlement. [Doc. 39] at 1; [Doc. 40]. Roughly a year later, Plaintiff filed the Motion to Approve, arguing that the Court should approve a settlement agreement (the "Settlement Agreement") between the parties because the Settlement Agreement resolves a bona fide dispute and is fair and reasonable, and that attorneys' fees and costs awarded under the Settlement Agreement are reasonable. [Doc. 55]. More specifically, Plaintiff contends that the parties dispute the hours worked, the correct classification and exemption status of the FLSA Collective Members, whether Defendants acted in good faith, whether liquidated damages are appropriate, and whether FLSA Collective Members may recover under a two-year or three-year statute of limitations. [Doc. 55] at 6. Finally, Plaintiff argues that the requested attorneys' fees are reasonable considering the complexity of FLSA collective action cases and the amount of time expended in this case. *Id*. at 9; *see* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

In the Motion to Seal, Plaintiff argues that the Motion to Approve and the attached Settlement Agreement must be sealed because public disclosure will expose Defendants to further litigation, undermine the privacy interests of the FLSA Collective Members, and discourage voluntary resolution of disputes. [Doc. 56] at 2.

## LEGAL STANDARD

### I. Court Approval of FLSA Settlement Agreements[1]

The FLSA does not require judicial approval of settlements of claims brought under 29 U.S.C. § 216(b). *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019). Neither the United States Supreme Court nor the Tenth Circuit Court of Appeals has addressed whether such approval is always necessary. *Id.* at 405-06 (discussing Supreme Court cases); *Riley v. D. Loves Restaurants, LLC*, No. CV 20-1085 WJ/KK, 2021 WL 1310973, at *1 (D.N.M. Apr. 8, 2021).

Numerous decisions in this and other districts have acknowledged division in the courts "on the issue of whether private settlements of bona fide disputes between employers and employees under the FLSA are valid and enforceable without judicial or Department of Labor ("DOL") approval." *Riley*, 2021 WL 1310973, at *2–4 (collecting cases); *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *1–5 (D. Colo. Feb. 11, 2019) (collecting cases). The "legal landscape" of this issue was comprehensively surveyed in two recent decisions in this district. *Riley*, 2021 WL 1310973, at *4; *Hawthorn v. Fiesta Flooring, LLC*, No.

---

[1] Federal Rule of Civil Procedure 23 only requires court approval of settlements of "[t]he claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). Neither a certified class nor a class proposed to be certified for purposes of settlement is at issue here.

1:19-CV-00019 WJ/SCY, 2020 WL 3085921, at *1–3 (D.N.M. June 10, 2020). After reviewing the FLSA and the case law, both *Riley* and *Hawthorn* held that "judicial approval is not required for private settlements of claims brought under the FLSA, where the parties' agreement resolves bona fide disputes regarding the amount of hours worked or compensation due rather than waiving or releasing the employee's substantive rights under the Act." *Riley*, 2021 WL 1310973, at *4; *Hawthorn*, 2020 WL 3085921, at *3 (same).

I find *Riley* and *Hawthorn* persuasive and adopt the reasoning in those cases. Court approval of an FLSA collective action settlement is not required if the settlement resolves a bona fide dispute between the parties concerning hours worked or compensation. *See Price v. Devon Energy Corp.*, No. 220CV00316 KWR/GJF, 2021 WL 2312537, at *1 (D.N.M. May 24, 2021) (holding that "the Court does not require [a fairness hearing or] judicial approval of a settlement in an FLSA collective action")

## II. Sealing FLSA Settlement Agreements

Generally, settlement agreements submitted for judicial review become part of the judicial record and are presumed to be public, *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007), because "[t]he public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988)).

## ANALYSIS

I find that the Settlement Agreement does not require Court approval. Plaintiff, represented by counsel experienced in FLSA litigation, initiated this collective action to recover wages allegedly owed for overtime work. [Docs. 1, 55]; *see Martinez v. Back Bone Bullies Ltd*, No. 21-CV-01245-MEH, 2022 WL 782782, at *13 (D. Colo. Mar. 15, 2022) (stating that representation by counsel is a required element for a "bona fide" dispute), motion to certify appeal granted, No. 21-CV-01245-MEH, 2022 WL 1027148 (D. Colo. Apr. 6, 2022). After notice of the suit was sent to the FLSA Collective, three members opted to join Plaintiff in the suit and were, thereafter, represented by counsel. [Docs. 35, 36]. In answer to the Complaint, Defendants deny that they improperly classified the FLSA Collective Members and that they owe any wages. [Docs. 13, 15; [Doc. 55] at 4–5. The parties exchanged documents, including payroll data, in informal discovery and negotiated for approximately two years before reaching a settlement. [Docs. 47, 55].

I am satisfied that the parties have settled a bona fide dispute regarding the compensation due to the FLSA Collective Members, and there is nothing in the record to indicate any defect in negotiations of the Settlement Agreement. Moreover, the Settlement Agreement binds only the FLSA Collective Members "who cash or otherwise negotiate their settlement checks." [Doc. 55] at 3. *See Riley*, 2021 WL 1310973, at *4 (noting that the settlement agreement bound only the parties to it). Under these circumstances, judicial approval of the Settlement Agreement is not required. *See Hawthorn*, 2020 WL 3085921, at *3 (finding that a settlement agreement reached under circumstances like those here did not require judicial approval); *Edwards v. Hudspeth & Assocs., Inc.*, No. 20-CV-02867-STV, 2021 WL 2255358, at *3 (D. Colo. May 26, 2021) (same).

Accordingly, I will defer ruling on the Motion to Approve pending receipt of a Joint Notice by the parties indicating whether they wish for the Court to review the merits of the Agreement, and if so, why such review is warranted. *See Slaughter*, 2019 WL 529512, at *6 (stating that, "while there is disagreement over whether FLSA settlements *must* be approved by the Court, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court"). If the parties no longer wish for the Court to review the merits of the Settlement Agreement, the parties may state in their Joint Notice that all claims have been resolved, and that they stipulate to dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Riley*, 2021 WL 1310973, at *4.

In addition, I will defer ruling on the Motion to Seal pending receipt of the Joint Notice. If the parties no longer seek judicial approval of the Settlement Agreement, there is no reason for the Settlement Agreement to be a part of the public record because it would not be part of the Court's decision-making process. *See Jessup*, 277 F.3d at 929; *Riley*, 2021 WL 1310973, at *5. In that case, the Motion to Approve and Motion to Seal shall remain sealed and will be denied as moot upon dismissal of the case. On the other hand, if the parties seek judicial review of the merits of the Settlement Agreement, I will rule on the Motion to Seal at that time.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the parties must file a Joint Notice as follows:

(1) By **September 2, 2022**, the parties must file a Joint Notice stating whether they wish for the Court to review the merits of the Settlement Agreement.

(2) If the parties no longer wish for the Court to review the merits of the Settlement Agreement, they must state in their Joint Notice that all claims have been resolved, and that they

stipulate to dismissal of the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

(3) If, alternatively, the parties wish for the Court to review the merits of the Agreement, they shall so state in their Joint Notice, and explain why such review is warranted. In that case, I will rule on the Motion to Seal and Motion to Approve.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**