IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| JORDAN DAIGLE,<br>Individually and on behalf<br>of all others similarly situated,<br><br>   *Plaintiff,*<br><br>v.<br><br>TURNCO ENTERPRISES, LLC.,<br>and MEWBOURNE OIL CO.,<br><br>   *Defendants.* | Civil Action No. 2:20-cv-00652-KWR-KRS<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiff Jordan Daigle, individually and on behalf of all current Opt-In Plaintiffs files this Motion to Enforce Settlement Agreement and Release against Defendant, Turnco Enterprises, LLC ("Turnco" or "Defendant"). Accordingly, Plaintiff respectfully requests the Court grant this motion, compel Turnco's compliance with the provisions of the Settlement Agreement and Release ("Agreement"), and award Plaintiffs their attorneys' fees reasonably and necessarily incurred as a result of Turnco's non-payment.

  1. Plaintiff filed this case against Turnco and Mewbourne Oil Co. ("Mewbourne") on July 2, 2020, on behalf of himself and other similarly situated oilfield workers. ECF No. 1. This lawsuit was originally filed as a collective and class action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq*. Plaintiff's FLSA claim was asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims were asserted as a class action under Federal Rule of Civil

Procedure 23. Plaintiff sought unpaid overtime wages, liquidated damages and attorneys' fees and costs.

2. Plaintiff alleged he and other similarly situated oilfield workers were misclassified as independent contractors and paid a daily rate but were not paid overtime, in violation of the FLSA and the New Mexico Minimum Wage Act. *Id.* Defendants denied the allegations and raised several affirmative defenses. *See* ECF Nos. 13, 15. Plaintiffs sought conditional certification and for notice to be distributed to the putative class members. Thereafter, the parties stipulated to conditionally certify the case as a collective action for purposes of notice. At the close of the opt-in period, four individuals had opted-in to the litigation (approximately 17% of the putative class members).

3. The investigation and litigation against Defendants has been ongoing for over two years. The Parties informally exchanged information related to potential damages and liability issues to facilitate meaningful settlement discussions. A settlement in principle was reached on or about April 15, 2022, after approximately three (3) months of informal negotiations. All Parties participated in the drafting of the Agreement, which memorialized the mutually agreed upon terms. The Agreement was fully executed on May 31, 2022.

4. The Agreement provided that Turnco would pay Plaintiffs a gross amount of $70,000.00 in exchange for a release of their claims against Turnco and Mewbourne. Turnco was (and is) solely responsible for payment of the gross amount to Plaintiffs. According to the Agreement, Turnco was to pay Plaintiffs an initial lump-sum payment of $25,000.00 within sixty (60) days of the effective date,[1] and would continue making payments of $7,500.00 every month thereafter, until the $70,000.00 was paid in full. *See* ECF No. 55-1 at ¶ III.

---

[1] The effective date was defined in the Agreement to be the date this Court issued an order approving the settlement. On June 17, 2022, Plaintiff filed the Unopposed Motion to Approve FLSA Settlement and Attorneys' Fees and Costs (ECF No. 55), along with the Unopposed Motion to File Under Seal (ECF No. 56). On August 5, 2022, this Court ruled the Settlement did not require Court approval and ordered the Parties to

5. Turnco has not made *any* payment as required pursuant to the Agreement. The Agreement specifically recognizes that failure to make any payment pursuant to its terms constitutes a material breach. Specifically, the provision states

> Any payment not received within three (3) days of the deadlines set forth above shall constitute a material breach of the settlement agreement. Acceptance of one or more late payment does not waive any provision of this Agreement.

*Id.* Turnco is now over three *months* late with its initial payment, and its failure to comply constitutes a material breach of the Agreement. *See id.*

6. The agreement also includes an "acceleration" clause, that renders the outstanding balance amount due upon the occurrence of a material breach. Specifically, the Agreement provides:

> ACCELERATION: In the event of a material breach of this Agreement, including but not limited to a late payment of the monthly installment amount, the balance shall become immediately due and owing. Additionally, the monies due and owing under this Agreement are further subject to acceleration if Defendant Turnco, commences any proceeding in bankruptcy or for dissolution, liquidation, winding-up, composition, or other relief under state or federal bankruptcy laws.
>
> In the [event] either party is required to bring suit to enforce this Agreement, the prevailing party shall be entitled to recover their reasonable and necessary attorneys fees.

*Id.* at p. 5–6. Because Turnco has materially breached the Agreement, the total accelerated amount of $70,000.00 is now due and owing. *Id.*

7. Plaintiff conferred with Turnco's counsel on multiple occasions regarding its breach of the Agreement caused by its non-payment. Although Plaintiff was hopeful that Turnco would honor its contractual obligations without forcing the need for court intervention, Plaintiff has been forced to seek court intervention to enforce the Agreement between the Parties.

---

file a Joint Notice of Dismissal, unless the Parties wish for the Court to review the merits of the Settlement. *See* ECF No. 57. In accordance with the Court's order, the Parties conferred and agreed to proceed without Court approval and subsequently filed a Joint Notice of Intent to File Stipulation of Dismissal. *See* ECF No. 58. Consistent with the Agreement, Plaintiff maintains the effective date occurred on the date the Parties filed their Joint Notice of Intent to File a Stipulation of Dismissal—August 5, 2022.

8. It is uncontroverted that Plaintiff has satisfied every element of a breach of contract cause of action, and enforcement of the Agreement is the appropriate remedy in this case. *Anderson Living Tr. v. ConocoPhillips Co., LLC*, 952 F. Supp. 2d 979, 1030 (D.N.M. 2013) ("The elements of a breach-of-contract action are the existence of the contract, breach of the contract, causation, and damages.").

9. As such, in addition to the contractual amount of $70,000.00, Plaintiff also seeks to recover his reasonable and necessary attorneys' fees he was forced to incur to enforce the Parties' Agreement. To date, Plaintiff has incurred attorneys fees of $1,185.00. *See* Declaration of Clif Alexander, attached as Exhibit A.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jordan Daigle, individually and on behalf of all current Opt-In Plaintiffs, pray that this Court enforce the terms of the Settlement Agreement and Release against Defendants, Turnco Enterprises, LLC, award attorneys fees to Plaintiffs for enforcement of same, in an amount of $1,185.00 at the time of filing, and for such other and further relief to which they may be justly entitled to, at law or in equity.

Dated: January 25, 2023

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
New Mexico Bar No. 20-178
clif@a2xlaw.com
**Austin W. Anderson**
New Mexico Bar No. 20-168
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and Opt-In Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of New Mexico, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander