IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORDAN DAIGLE,
Individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                                      No. 2:20-cv-652 MLG/KRS

TURNCO ENTERPRISES, LLC, and
MEWBOURNE OIL, CO.,

      Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on November 15, 2023. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party, with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission by each party to any other party, with responses due thirty (30) days after service.

(c) In addition to expert depositions and the depositions of named Plaintiff, Opt-in Plaintiffs and Mewbourne's corporate representatives, maximum of three (3) fact witness depositions by Plaintiff and three (3) fact witness depositions by Mewbourne. Each deposition (other than of

named Plaintiff and Defendant's corporate representative) limited to maximum of five (5) hours, unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a)  Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **January 8, 2024**;

(b)  Deadline for Defendants to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **February 8, 2024**;

(c)  Deadline for Plaintiff's expert reports:  **February 29, 2024**;

(d)  Deadline for Defendants' expert reports:  **April 1, 2024**;

(e)  Termination of discovery:  **June 28, 2024**;

(f)  Deadline for supplementing discovery/disclosures: Due within a reasonable time after new information is obtained that warrants supplementation;

(g)  Motions relating to discovery:  **July 18, 2024**;

(h)  All other motions:[1]  **July 29, 2024**;

(i)  Pretrial order:  To be set by the presiding judge.[2]

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

[2] Counsel are encouraged to check the website of the presiding judge at https://www.nmd.uscourts.gov/judges to review policies regarding in-person appearances at hearings and other case procedures.  Absent extraordinary circumstances, Judge Garcia does not permit parties to appear remotely for hearings.

discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE