UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| **JORDAN DAIGLE,**<br>**Individually and on behalf**<br>**of all others similarly situated,** | § § § § | Civil Action No. 2:20-CV-00652-MLG-KRS |
| *Plaintiff,* | § § § | **JURY TRIAL DEMANDED** |
| v. | § § § | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| **TURNCO ENTERPRISES, LLC.,**<br>**MEWBOURNE OIL CO., and**<br>**DANIEL ROBLES** | § § § § | **CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |
| *Defendants.* | § | |

### MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Jordan Daigle, individually and on behalf of all Opt-In Plaintiffs ("Plaintiffs"), move for the entry of Final Default Judgment for Plaintiffs against Defendant Daniel Robles ("Robles"), and in support thereof shows the following:

### I.
### EVIDENCE IN SUPPORT OF DEFAULT JUDGMENT

The facts stated herein are more fully set forth in Plaintiff's First Amended Complaint ("Complaint") (ECF No. 104) and are supported by the following exhibits, which are incorporated herein by reference: (1) the declarations of Plaintiff Daigle and Opt-In Plaintiffs David Hughes, Jerome Holguin, and Joe Lara in support of liability and damages (Exhibits A–D, respectively), and (2) the declaration of Clif Alexander in support of attorneys' fees (Exhibit E).

## II.
## PROCEDURAL FACTS

On July 2, 2020, Plaintiff Daigle brought this action individually and on behalf of all others similarly situated against Defendants Turnco Enterprises, LLC and Mewbourne Oil Co., to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq. See* ECF No. 1. Plaintiff's FLSA claims were asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims were asserted as a class action under Federal Rule of Civil Procedure 23.

On January 8, 2024, Plaintiff Daigle filed his First Amended Collective/Class Action Complaint ("Amended Complaint") adding Robles as a Defendant and he was personally served on January 22, 2024. *See* ECF Nos. 104, 108. Robles failed to answer or otherwise respond to Plaintiff's Amended Complaint. After Robles' answer deadline passed, on February 29, 2024, Plaintiff filed a Motion for Clerk's Entry of Default Judgment against Robles. *See* ECF Nos. 109-110, 112. On March 4, 2024, the Clerk of this Court entered a default on the record as to Defendant Daniel Robles. *See* ECF No. 113.

As of the filing of this Motion, Defendant Robles has not served any paper on the undersigned or filed any paper required by law in response to the Complaint. Accordingly, Plaintiffs now request entry of a Final Default Judgment in his favor against Defendant Daniel Robles.

## II.
## DEFAULT JUDGMENT STANDARD

In the Tenth Circuit, there are two steps to obtaining a default judgment: (1) entry of default; and (2) default judgment. *See Rowley v. Morant,* 276 F.R.D. 669, 670 (D.N.M. 2011); *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) ("Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."); *see also* FED. R. CIV. P. 55(a). A default occurs when defendant fails to plead

or otherwise respond to the complaint within the time required by the Federal Rules. FED. R. CIV. P. 55(a). At the first step, he clerk of court will enter a default when established by an affidavit or otherwise, and at that time a plaintiff may apply for a judgment based on the default. *Id.*

Then "the court must determine that it has jurisdiction, that the unchallenged facts establish liability based on a legitimate cause of action, and that the party is entitled to the relief requested." *See Oso Grande Techs., Inc. v. BCG Assets, Inc.*, No. 23-CV-00524, 2023 WL 8372173, at *1 (D.N.M. Dec. 4, 2023) ("Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief.") (quoting *Nevada General Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018)). "A district court reviewing a motion for default judgment accepts as true all well-pled allegations in a complaint, except those related to indefinite or uncertain damages."[1] *Id.* (citing *United States v. Craighead*, 176 F. App'x. 922, 925 (10th Cir. Apr. 12, 2006)). A defendant who has defaulted is deemed to have admitted the facts plead in plaintiff's complaint. *Tripodi v. Welch*, 810 F. 3 d 761, 764 (10th Cir. 2016) ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.").

The procedural requirements for default judgment have been met in this case.

### III.
### ARGUMENT & AUTHORITIES

**A.   The Court Has Jurisdiction**

Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves claims under both federal law (the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

---

[1] A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Moreover, the factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a complaint that sufficiently states facts giving rise to a cause of action is sufficient to grant judgment on the facts.

*seq.*) and state law (the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.*) so this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 on Plaintiff's FLSA claim and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his corresponding NMMWA claim.

"To determine whether a court may exercise jurisdiction over a defendant in a federal question case, the court must examine (1) whether the federal statute confers jurisdiction by authorizing service of process on the defendant, and (2) whether the exercise of jurisdiction would violate due process." *Mohon v. Spiller*, No. 1:22-CV-00108-DHU-LF, 2023 WL 6463477, at *2 (D.N.M. Oct. 4, 2023) (citing *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210-11 (10th Cir. 2000)). New Mexico's long-arm statute controls service of process and extends personal jurisdiction as far as constitutionally permissible. *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021); *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002). "Consequently, the [Court] need not conduct a statutory analysis apart from the due process analysis." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

The due process analysis "requires that the out-of-state defendant both 'purposefully established minimum contacts within the forum State' and that the 'assertion of personal jurisdiction would comport with 'fair play and substantial justice.''" *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1322–23 (10th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The minimum contacts requirement may be satisfied in two ways, through general or specific jurisdiction. *See Trujillo v. Williams*, 465 F.3d 1210, 1218 & n.7 (10th Cir. 2006). Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *C5 Med. Werks*, 937 F.3d at 1323 (internal quotation marks omitted).

Here, Defendant Robles has sufficient minimum contacts with New Mexico. Robles is the Owner and President of Turnco, which is licensed do business in New Mexico. *See* ECF No. 104, ¶¶ 15, 17. Plaintiff's cause of action arose as a result of Defendant Robles' conduct within New Mexico, Defendant Robles maintained a working presence throughout New Mexico, and Plaintiffs worked for Robles in New Mexico throughout their employment with Defendant Robles. *See id.* at ¶¶ 19-24. Further, Plaintiffs allege that all Defendants, including Defendant Robles" were their "employer" as defined by the laws at issue and thus liable for his unpaid wages. *See id.* at ¶¶ 18, 25-75, 83, 121.

**B.      Joint and Several Liability**

Defendants are each employers of Plaintiffs pursuant to 29 U.S.C § 203(d) and are joint employers pursuant to 229 C.F.R. § 791.2. Under federal and state law, in addition to Turnco Enterprises, LLC ("Turnco") and Mewbourne Oil Company ("Mewbourne"), Defendant Daniel Robles was Plaintiffs' "employer" individually.[2] Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). A "person" under the FLSA is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). An FLSA "employer" is, therefore, recognized as either an individual or an entity. Thus, an individual who acts directly or indirectly in the interest of an employer in relation to an employee, including an individual corporate officer, owner, participating shareholder, manager, or supervisor, may be subject to individual liability for FLSA violation. Where joint employment exists, each of the employers must ensure that the employee receives all employment-related rights granted under the FLSA.

---

[2] Though misclassified as independent contractors, Plaintiffs have presented declaratory evidence that they were at all relevant times Defendants' employees, subject to Defendants' economic control. *See* Exhibits A–D.

The FLSA broadens the definitions of employer beyond "strict application of traditional agency principles." *Baker v. Flint Engineering Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Instead, the FLSA focuses on the economic realities of the relationship between the employee and the employer and includes evaluating such factors as whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records. *Baker v. Flint Eng'g and Const. Co.*, 137 F.3d 1436, 1439 (10th Cir.1998).

Here, Plaintiffs were jointly employed by more than one employer. Plaintiff has alleged that that Robles, together with the other Defendants, hired him, set his rate of pay and work schedule, supervised him, and terminated him. ECF No. 113; *see also* Exhibits A–D. Defendant Robles as Turnco's ower exerted operational control over Turnco, managed Turnco's key internal relationships, and dictated the practice goals and what pressing or tactical items needed to be done to meet the goals of Turnco and its clients. Therefore, looking at the economic realities of Plaintiffs' employment, Robles was each Plaintiff's employer and as such should be found to be jointly and severally liable for the violations alleged by Plaintiffs.

**C.     The Facts Pled Support Judgment Against Defendant Robles**

No material issues of fact exist because, by failing to answer or otherwise respond to the Amended Complaint, Defendant Robles has admitted to the well-pleaded allegations in Plaintiff's Amended Complaint, except regarding damages. Further, the Clerk entered default of against Defendant Robles on March 4, 2024. *See* ECF No. 113. Thus, Defendant Robles is deemed to have admitted Plaintiff's well-pleaded allegations of fact in Plaintiff's Complaint (ECF No. 104) and no material facts are in dispute.

Plaintiff alleges that he was an employee of Defendants, including Defendant Robles, pursuant to the FLSA and NMMWA and Defendants, including Defendant Robles, were his employers

pursuant to the FLSA and NMMWA; and Defendants, including Robles, violated the FLSA and NMMWA. *See generally* ECF No. 113. Plaintiff and Opt-In Plaintiffs worked for Defendants as oilfield workers and were paid a day rate only and no overtime. *Id.* at ¶ 2, 12, 42, 44-45; Exhibits A–D. Defendants misclassified Plaintiff and the Opt-In Plaintiffs as independent contractors, and, although Plaintiff and the Opt-In Plaintiffs routinely worked in excess of forty (40) hours per workweek, Defendants paid them a day rate only and no overtime in violation of the FLSA and NMMWA. *See generally* ECF No. 113; Exhibits A–D.

Under § 207 of the FLSA, an employer must pay its employees overtime compensation at a rate of one-and-one-half times the employee's regular rate for all work in excess of forty hours over the course of a workweek. 29 U.S.C. § 207(a)(1). In order to sufficiently allege an FLSA claim, Plaintiffs need only indicate a reasonable basis for ascertaining that they were covered employees who worked, but were not properly compensated for, over 40 hours of work in at least one workweek. *See* 29 U.S.C. § 207(a)(1).

Any exemption from the FLSA would be an affirmative defense proffered by a defendant, not an element of a given plaintiff's claim. *Lederman v. Frontier Fire Prot'n*, 685 F.3d 1151, 1158 (10th Cir. 2012) ("[Because] entitlement to an exemption is an affirmative defense . . . [i]t was [Defendants'] burden to establish its entitlement to an exemption from FLSA's overtime requirements.")(citation omitted). "[A] silent or ambiguous record is not affirmative evidence of the sort required to find in favor of an exemption affirmative defense." *Fowler v. Incor*, 279 Fed. Appx. 590, 592 (10th Cir. 2008) (quoting *United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005)).")(internal quotations omitted, modification in original). As such, it is Defendants', not Plaintiffs', burden to first assert and then later prove a plaintiff's entitlement to any exemption.

Throughout the period of Plaintiffs' employment, Defendants failed to compensate them for all hours worked in excess of 40 hours per workweek at the required rate of one and one half times

their regular rate in violation of the FLSA. *See generally* ECF No. 113; Exhibit A–F. Thus, Plaintiffs are entitled to relief under the FLSA.

Taking the facts contained in Plaintiff's Amended Complaint as true, Plaintiff has pled a sufficient claim for relief for himself and the Opt-In Plaintiffs under the FLSA. He was paid a day rate, worked over 40 hours in at least one work week, and was not paid the required premium pay for hours over 40 worked in the workweek. Plaintiffs have also submitted declarations to this effect. *See* Exhibits A–D. Therefore, Plaintiffs have sufficiently alleged Defendant Robles' breach of the FLSA.

Plaintiff is seeking the entry of Final Default Judgment because the damages sought by Plaintiff are damages for past unpaid wages, including overtime wages. The unpaid wages, including overtime wages, are for an amount that is a "sum certain."

**D.  No Hearing is Necessary**

As relevant here, Rule 55(b)(2) says that "The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to determine the amount of damages." FED. R. CIV. P. 55(b)(2). Whether a hearing is necessary to determine the amount of damages can be left to the discretion of the district court. *Id.* Here, Plaintiffs maintain that no hearing is necessary as they have submitted all relevant evidence necessary for this Court to make a determination on the issue of damages, including any attorneys' fees. *See* Exhibits A–F.

**IV.
DAMAGES**

Plaintiffs' declarations reflect the total damages claimed for unpaid wages, overtime wages, liquidated damages, attorneys' fees, and costs as provided by the FLSA, totaling $238,644.85. Ex. A–E.

**A.     FLSA Damages**

Plaintiffs are claiming all available relief, including compensation, liquidated damages, post judgment interest, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the FLSA.

*1.     Unpaid Overtime Wages*

The FLSA obligates an employer to compensate its employees at one-and-one-half times their regular rate for any workweek in which the employees work more than forty hours. 29 U.S.C. § 207(a)(1). Plaintiffs have established that Defendant Robles violated the overtime provisions of the FLSA with respect to Plaintiff and the Opt-In Plaintiffs, and they are entitled to damages for all unpaid overtime compensation. *See generally,* ECF No. 104; Exhibits A–D. Specifically, Defendant Robles did not pay Plaintiff and the Opt-In Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week. Because Defendant Robles violated the overtime provisions of the FLSA, Plaintiff and the Opt-In Plaintiffs are entitled to damages for all unpaid overtime compensation.

Plaintiffs' declarations detail the hours worked for Defendants, the work schedule set by Defendants, and the illegal pay practices imposed by Defendants. *See* Exhibits A–D. As shown therein, Plaintiff and the Opt-In Plaintiffs unpaid overtime wages total $110,562.80.  *See id.*

*2.     Liquidated Damages*

Under the FLSA a district court generally must award a prevailing plaintiff liquidated damages that are equal in amount to the plaintiff's actual damages. *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013); *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998); 29 U.S.C § 216(b). Pursuant to 29 U.S.C. § 260, a Court may decline to award liquidated damages, but only if an employer shows to the satisfaction of the Court that the failure to pay a plaintiff overtime wages was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay

overtime wages was not in violation of the FLSA. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226–27 (5th Cir. 1991); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003)). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985).

In this case, Plaintiff has alleged that Defendants' violations of the FLSA were neither reasonable nor in good faith and there is nothing in the record to contradict these assertions. *See* ECF No. 104. As Defendant Robles is in default and has failed to answer or otherwise respond to the Amended Complaint, Defendant Robles cannot carry his burden to prove that his violation of the FLSA was both in good faith and reasonable that would make it unfair to impose liquidated damages upon them. Furthermore, by failing to respond to Plaintiff's Amended Complaint, Defendant Robles has admitted all facts pleaded in Plaintiff's Amended Complaint, including that the overtime wage violations were willful. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

Therefore, Plaintiff and the Opt-In Plaintiffs are owed liquidated damages in addition to the overtime wages owed. Specifically, Plaintiff and the Opt-In Plaintiffs are owed $110,562.80 in liquidated damages. *See* Exhibits A–D.

Plaintiff's and the Opt-In Plaintiffs' total damages for overtime violations, including both actual and liquidated damages, should be set in the final judgment in the amount of $221,125.60 *Id.*

### 3.   *Post-Judgment Interest*

Interest "shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). Such an award is mandatory under 28 U.S.C. § 1961 and should be awarded by the district court "as a matter of course." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725 (E.D. Tex. Nov. 26, 2013). Furthermore, damages awarded under the FLSA are permitted post-judgment interest. *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983).

As a result, the Court should grant Plaintiff's request that post-judgment interest be included in the judgment entered under this Order.

## V.
## ATTORNEYS' FEES AND COSTS

As Plaintiff filed suit for violations of the FLSA, Plaintiff is entitled to recover his reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA.

Under the FLSA, the award of attorney's fees is mandatory, and courts have long recognized that to achieve the remedial goal of the FLSA attorney's fees must be awarded. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01-cv-00070, WL 3591962 at *3 (M.D. Ga. Dec. 30, 2005).

In *Hensley v. Eckerhart*, the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." 461 U.S. 424, 433 (1983); *accord Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To determine the amount of attorney's fees to be awarded, the Fifth Circuit utilizes a two-step process to derive the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* at 324. Then, the court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *See id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). There is a strong presumption of the reasonableness of the lodestar amount. *See Saizan,* 448 F.3d at 800.

1. **Hourly Rate**

The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* By his declaration, attorney Clif Alexander has demonstrated that he is familiar with the rates charged by attorneys with similar experience in the District of New Mexico. *See* Ex. E.

Importantly, Defendants failed to present any evidence that the rates requested are not reasonable rates for an attorney in the District of New Mexico with the experience and qualifications of Plaintiff's counsel. Plaintiff has met his burden of showing that a reasonable hourly rate for his attorney is $650.00 in this matter.

**2.      Hours Expended**

Plaintiffs have put forth evidence that their counsel have expended over 35 hours of attorney time related to obtaining the requested default judgment against Defendant Robles. This is not the total amount of time that Plaintiffs' Counsel has invested in this litigation but instead reflects only time spent drafting and filing the Amended Complaint, obtaining service over Robles, and taking a default judgment against Mr. Robles.

**3.      Costs**

Finally, as stated in the Declaration of Clif Alexander, Plaintiff has incurred costs of $124.35 specifically related to obtaining this default judgment against Defendant Robles. *See* Ex. E. Plaintiff is entitled to reimbursement of his costs permitted under 28 U.S.C. §1920. *See* 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests the entry of a Final Default Judgment against Defendant Robles in the principal amount of $221,125.60 plus $17,385.00 in attorneys' fees and $134.25 in costs for a total of $238,644.85.

Date:   March 25, 2024                                  Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
**Clif Alexander**
State Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
State Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
State Bar No. 24071993
lauren@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of New Mexico, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. A true and accurate copy of the foregoing was mailed to the following by Certified US Mail:

**CM/RRR # 9589 0710 5270 0585 9666 06**
**AND FIRST-CLASS MAIL**
Daniel Robles
5708 County Road 7550
Lubbock, TX 79424

*/s/ Clif Alexander*
Clif Alexander