UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| JORDAN DAIGLE,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>TURNCO ENTERPRISES, LLC.,<br>MEWBOURNE OIL CO., and<br>DANIEL ROBLES<br><br>*Defendants*. | § Civil Action No. 2:20-CV-00652-MLG-KRS<br>§<br>§<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§<br>§ COLLECTIVE ACTION<br>§ PURSUANT TO 29 U.S.C. § 216(b)<br>§<br>§<br>§ CLASS ACTION<br>§ PURSUANT TO FED. R. CIV. P. 23<br>§ |

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT TURNCO ENTERPRISES, LLC

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Jordan Daigle, individually and on behalf of all Opt-In Plaintiffs ("Plaintiffs"), moves for the entry of Final Default Judgment for Plaintiffs against Defendant Turnco Enterprises, LLC ("Turnco"), and in support thereof shows the following:

### I.
### EVIDENCE IN SUPPORT OF DEFAULT JUDGMENT

The facts stated herein are more fully set forth in Plaintiff's First Amended Complaint ("Complaint") (ECF No. 104) and are supported by the following exhibits, which are incorporated herein by reference: (1) the declarations of Plaintiff Daigle and Opt-In Plaintiffs David Hughes, Jerome Holguin, and Joe Lara in support of liability and damages (Exhibits A–D, respectively), and (2) the declaration of Clif Alexander in support of attorneys' fees (Exhibit E).

## II.
## PROCEDURAL FACTS

On July 2, 2020, Plaintiff Daigle brought this action individually and on behalf of all others similarly situated against Defendants Turnco Enterprises, LLC and Mewbourne Oil Co., to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq. See* ECF No. 1. Plaintiffs' FLSA claims were asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims were asserted as a class action under Federal Rule of Civil Procedure 23. A summons was issued to Turnco on July 6, 2020. Turnco, was served with service of process on July 18, 2020. *See* ECF No. 7. Turnco filed its Answer on August 3, 2020. *See* ECF No. 15.

On May 31, 2022, Plaintiff Daigle and Turnco executed a Confidential Settlement Agreement and Release to resolve disputes among the Parties. Pursuant to the terms of the Agreement, Turnco agreed to make an initial payment no later than sixty (60) days from the date the Court approved the settlement and the remaining settlement funds were to be paid in six (6) equal installments every thirty (30) days thereafter. Accordingly, Turnco was to make its initial payment no later than October 4, 2022, and was to make the six (6) installment payments no later than November 3, 2022, December 3, 2022, January 2, 2023, February 1, 2023, March 3, 2023, and April 2, 2023. Turnco failed to make any of the settlement payments as agreed.

On January 25, 2023, Plaintiff Daigle filed his Motion to Enforce Settlement Agreement and Release of Claims. *See* ECF No. 68. Turnco failed to respond to Plaintiff's Motion in accordance with Local Rule 7.4(a).

On August 11, 2023 and September 5, 2023, Turnco's counsel filed a Motions for Withdrawal of Counsel citing their inability to effectively communicate with Turnco and Turnco not abiding by the settlement agreement. *See* ECF Nos. 78, 83.

On August 29, 2023 and September 6, 2023, the Court granted the Motions for Withdrawal and Turnco's attorneys were removed as attorney of record for Turnco. *See* ECF. Nos. 81, 84.

On September 11, 2023, the Court Ordered Turnco to show cause pursuant to D.N.M. LR-Civ. 83.7, requiring a corporation, partnership, or business entity other than a natural person to be represented by an attorney authorized to practice before the Court. *See* ECF No. 85. The Court Ordered that for Turnco to proceed in this matter, Turnco must show cause and retain counsel within fifteen (15) days of the Order. *Id.* The Court also Ordered that Turnco's failure to do so may result in default judgment in Plaintiff's favor and/or other sanctions as deemed appropriate by the Court. *Id.* Turnco did not retain counsel in accordance with the Court's Order.

On September 13, 2023, the Court issued an Order sua sponte advising the parties that Turnco had filed a voluntary Subchapter V Chapter 11 Bankruptcy proceeding (N.D. Tex. 23-BK-50061) on April 6, 2023. *See* ECF No. 86. Plaintiff was unaware of this fact and Counsel for Plaintiffs did not receive notice from Turnco or the Subchapter V trustee of the Subchapter V Chapter 11 Bankruptcy proceeding of Turnco. The Court also reiterated that, in order to proceed in this matter, Turnco must be represented by an attorney authorized to practice before the Court and that its failure to retain counsel may result in default judgment in Plaintiff's favor and/or other sanctions as deemed appropriate by the Court. *Id.*

On September 22, 2023, the Court denied Plaintiff's motion to enforce the settlement agreement without prejudice, reiterated that it entered an Order to show cause requiring Turnco to

retain counsel, and if Turnco failed to comply, the Court would allow Plaintiff to re-file the motion to enforce settlement. *See* ECF No. 87.

On October 19, 2023, the Court stayed this case as to Turnco due to its filing of a voluntary Subchapter V Chapter 11 Bankruptcy petition. *See* ECF No. 93. The Court also noted that Turnco had not responded, nor did it comply with the Court's previous orders on other matters. *See* ECF No. 93 (citing ECF No. 85).

On December 1, 2023, Plaintiff notified the Court that on November 3, 2023, Turnco filed a Motion to Dismiss without Prejudice in the Bankruptcy proceeding, and that on November 30, 2023, the Bankruptcy Court entered an Order dismissing the Bankruptcy proceeding without prejudice.

On January 2, 2024, Plaintiff notified the Court that on December 15, 2023, the Bankruptcy proceeding was closed.

On January 8, 2024, Plaintiff Daigle filed his First Amended Collective/Class Action Complaint ("Amended Complaint") adding Robles as a Defendant. *See* ECF Nos. 104, 108. Turnco failed to answer or otherwise respond to Plaintiff's Amended Complaint. As of the filing of this Motion, Defendant Turnco has not served any paper on the undersigned or filed any paper required by law in response to the Amended Complaint.

Turnco, as a corporate entity, is required by D.N.M. LR-Civ. 83.7 to obtain proper legal representation. Turnco's prior counsel withdrew, and, to date, Turnco has failed to retain new counsel, as required by the Court's Orders (ECF Nos. 85-87), leaving it unable to defend itself in this matter.

On January 30, 2025, Plaintiff filed a Motion for Clerk's Entry of Default Judgment against Turnco. *See* ECF Nos. 138. On February 13, 2025, the Clerk of this Court entered a default on the record as to Defendant Turnco. *See* ECF No. 140.

As of the filing of this Motion, Turnco has failed to obtain proper legal representation pursuant to D.N.M. LR-Civ. 83.7 and the Court's Orders (ECF Nos. 85-87); failed to show cause and appear and comply with the Court's Orders (ECF Nos. 85-87); and failed to defend and actively participate in the case. Turnco has failed to comply with the Court's Orders (ECF Nos. 85-87), including directives to retain counsel and actively participate in these proceedings. Turnco has abandoned its defense by failing to comply with court orders, obtain legal representation, and participate in required litigation activities.

Given these failures, Turnco has effectively ceased defending itself in this case and its actions have impeded the progress of this case, and its failure to comply with Court Orders or defend itself has left Plaintiffs unable to resolve their claims without intervention by the Court.

Accordingly, Plaintiffs now request entry of a Final Default Judgment in their favor against Defendant Turnco.

## II.
## DEFAULT JUDGMENT STANDARD

In the Tenth Circuit, there are two steps to obtaining a default judgment: (1) entry of default; and (2) default judgment. *See Rowley v. Morant,* 276 F.R.D. 669, 670 (D.N.M. 2011); *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) ("Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."); *see also* FED. R. CIV. P. 55(a). A default occurs when defendant fails to plead or otherwise respond to the complaint within the time required by the Federal Rules. FED. R. CIV. P. 55(a). At the first step, the clerk of court will enter a default when established by an affidavit or otherwise, and at that time a plaintiff may apply for a judgment based on the default. *Id.*

Then "the court must determine that it has jurisdiction, that the unchallenged facts establish liability based on a legitimate cause of action, and that the party is entitled to the relief requested." *See Oso Grande Techs., Inc. v. BCG Assets, Inc.*, No. 23-CV-00524, 2023 WL 8372173, at *1 (D.N.M. Dec. 4, 2023) ("Once a district court concludes that it has the power to enter a default judgment against a

defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief.") (quoting *Nevada General Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018)). "A district court reviewing a motion for default judgment accepts as true all well-pled allegations in a complaint, except those related to indefinite or uncertain damages."[1] *Id.* (citing *United States v. Craighead*, 176 F. App'x. 922, 925 (10th Cir. Apr. 12, 2006)). A defendant who has defaulted is deemed to have admitted the facts plead in plaintiff's complaint. *Tripodi v. Welch*, 810 F. 3 d 761, 764 (10th Cir. 2016) ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.").

The procedural requirements for default judgment have been met in this case.

## III.
## ARGUMENT & AUTHORITIES

**A.    The Court Has Jurisdiction**

Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves claims under both federal law (the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*) and state law (the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.*) so this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 on Plaintiff's FLSA claim and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his corresponding NMMWA claim.

"To determine whether a court may exercise jurisdiction over a defendant in a federal question case, the court must examine (1) whether the federal statute confers jurisdiction by authorizing service of process on the defendant, and (2) whether the exercise of jurisdiction would violate due process." *Mohon v. Spiller*, No. 1:22-CV-00108-DHU-LF, 2023 WL 6463477, at *2 (D.N.M. Oct. 4, 2023) (citing

---

[1] A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Moreover, the factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a complaint that sufficiently states facts giving rise to a cause of action is sufficient to grant judgment on the facts.

*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210-11 (10th Cir. 2000)). New Mexico's long-arm statute controls service of process and extends personal jurisdiction as far as constitutionally permissible. *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021); *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002). "Consequently, the [Court] need not conduct a statutory analysis apart from the due process analysis." *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

The due process analysis "requires that the out-of-state defendant both 'purposefully established minimum contacts within the forum State' and that the 'assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1322–23 (10th Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The minimum contacts requirement may be satisfied in two ways, through general or specific jurisdiction. *See Trujillo v. Williams*, 465 F.3d 1210, 1218 & n.7 (10th Cir. 2006). Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *C5 Med. Werks*, 937 F.3d at 1323 (internal quotation marks omitted).

Here, Defendant Turnco has sufficient minimum contacts with New Mexico. Turnco is a business entity which is licensed do business in New Mexico. *See* ECF No. 104, ¶ 15. Plaintiff's cause of action arose as a result of Turnco's conduct within New Mexico, Turnco maintained a working presence throughout New Mexico, and Plaintiffs worked for Turnco in New Mexico throughout their employment with Turnco. *See id.* at ¶¶ 19-24. Further, Plaintiffs allege that all Defendants, including Defendant Turnco were their "employer" as defined by the laws at issue and thus liable for their unpaid wages. *See id.* at ¶¶ 18, 25-75, 83-89, 121.

B.     **Joint and Several Liability**

Defendants are each employers of Plaintiffs pursuant to 29 U.S.C § 203(d) and are joint employers pursuant to 229 C.F.R. § 791.2. Under federal and state law, in addition to Defendant Daniel Robles, Turnco was Plaintiffs' "employer" individually.[2] Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). A "person" under the FLSA is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). An FLSA "employer" is, therefore, recognized as either an individual or an entity. Where joint employment exists, each of the employers must ensure that the employee receives all employment-related rights granted under the FLSA.

The FLSA broadens the definitions of employer beyond "strict application of traditional agency principles." *Baker v. Flint Engineering Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Instead, the FLSA focuses on the economic realities of the relationship between the employee and the employer and includes evaluating such factors as whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records. *Baker v. Flint Eng'g and Const. Co.*, 137 F.3d 1436, 1439 (10th Cir.1998).

Here, Plaintiffs were jointly employed by more than one employer. Plaintiffs have alleged that that Turnco, together with Defendant Robles, hired them, set their rates of pay and work schedules, supervised them, and terminated them. ECF No. 104; *see also* Exhibits A–D. Turnco was Plaintiffs' employer under the FLSA as it exercised control over their employment. Turnco hired Plaintiffs, determined their pay rates and schedules, supervised their work, and maintained authority over their

---

[2] Though misclassified as independent contractors, Plaintiffs have presented declaratory evidence that they were at all relevant times Defendants' employees, subject to Defendants' economic control. *See* Exhibits A–D.

continued employment. Additionally, Turnco exercised operational control over the business, managing key internal functions and set policies that directly impacted Plaintiffs' working conditions, and dictated strategic and tactical decisions necessary to meet its own objectives and those of its clients. Considering the economic realities of Plaintiffs' employment, Turnco functioned as Plaintiffs' employer and, as such, should be held jointly and severally liable for the violations alleged in this case

**C.    The Facts Pled Support Judgment Against Defendant Turnco**

No material issues of fact exist because Defendant Turnco has failed to defend itself in this litigation. While Turnco initially responded to the original Complaint by filing an Answer (ECF No. 15), it failed to respond to Plaintiff's First Amended Complaint (ECF No. 104), which introduced additional allegations and a new defendant. Under Fed. R. Civ. P. 15(a)(3), Turnco was required to file a response but failed to do so, thereby admitting the well-pleaded allegations in the Amended Complaint.

Turnco also failed to comply with multiple court orders requiring it to obtain legal representation after its attorneys withdrew (ECF Nos. 85-87). As a corporate entity, Turnco cannot proceed *pro se* and is required to be represented by counsel pursuant to D.N.M. LR-Civ. 83.7. Despite the Court's directives and warnings that failure to retain counsel could result in default judgment, Turnco has taken no action to defend itself or participate in this case.

As a result of Turnco's continued failure to respond, comply with court orders, or obtain counsel, the Clerk properly entered default against Turnco on February 13, 2025 (ECF No. 140). Taking the allegations in Plaintiff's Amended Complaint as true, Plaintiff has pled a sufficient claim for relief under the FLSA and NMMWA, alleging that he and the Opt-In Plaintiffs were misclassified as independent contractors, were paid only a day rate without overtime compensation, and routinely worked in excess of forty hours per week without being compensated at the required one-and-one-half times their regular rate.

Because Turnco has failed to defend itself, the well-pleaded allegations in Plaintiff's Amended Complaint are deemed admitted, except regarding damages. Accordingly, Plaintiffs respectfully request the Court enter Final Default Judgment against Turnco Enterprises, LLC.

Further, the Clerk entered default of against Defendant Turnco on February 14, 2025. *See* ECF No. 140. Thus, Defendant Turnco is deemed to have admitted Plaintiff's well-pleaded allegations of fact in Plaintiff's Amended Complaint (ECF No. 104) and no material facts are in dispute.

Plaintiff alleges that he was an employee of Defendants, including Defendant Turnco, pursuant to the FLSA and NMMWA and Defendants, including Defendant Turnco, were his employers pursuant to the FLSA and NMMWA; and Defendants, including Turnco, violated the FLSA and NMMWA. *See generally* ECF No. 104. Plaintiff and Opt-In Plaintiffs worked for Defendants as oilfield workers and were paid a day rate only and no overtime. *Id.* at ¶ 2, 12, 42, 44-45; Exhibits A–D. Defendants misclassified Plaintiff and the Opt-In Plaintiffs as independent contractors, and, although Plaintiff and the Opt-In Plaintiffs routinely worked in excess of forty (40) hours per workweek, Defendants paid them a day rate only and no overtime in violation of the FLSA and NMMWA. *See generally* ECF No. 104; Exhibits A–D.

Under § 207 of the FLSA, an employer must pay its employees overtime compensation at a rate of one-and-one-half times the employee's regular rate for all work in excess of forty hours over the course of a workweek. 29 U.S.C. § 207(a)(1). In order to sufficiently allege an FLSA claim, Plaintiffs need only indicate a reasonable basis for ascertaining that they were covered employees who worked, but were not properly compensated for, over 40 hours of work in at least one workweek. *See* 29 U.S.C. § 207(a)(1).

Any exemption from the FLSA would be an affirmative defense proffered by a defendant, not an element of a given plaintiff's claim. *Lederman v. Frontier Fire Prot'n*, 685 F.3d 1151, 1158 (10th Cir. 2012) ("[Because] entitlement to an exemption is an affirmative defense . . . [i]t was [Defendants']

burden to establish its entitlement to an exemption from FLSA's overtime requirements.")(citation omitted). "[A] silent or ambiguous record is not affirmative evidence of the sort required to find in favor of an exemption affirmative defense." *Fowler v. Incor*, 279 Fed. Appx. 590, 592 (10th Cir. 2008) (quoting *United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005)).")(internal quotations omitted, modification in original). As such, it is Defendants', not Plaintiffs', burden to first assert and then later prove a plaintiff's entitlement to any exemption.

Throughout the period of Plaintiffs' employment, Defendants failed to compensate them for all hours worked in excess of 40 hours per workweek at the required rate of one and one half times their regular rate in violation of the FLSA. *See generally* ECF No. 104; Exhibit A–D. Thus, Plaintiffs are entitled to relief under the FLSA.

Taking the facts contained in Plaintiff's Amended Complaint as true, Plaintiff has pled a sufficient claim for relief for himself and the Opt-In Plaintiffs under the FLSA. He was paid a day rate, worked over 40 hours in at least one work week, and was not paid the required premium pay for hours over 40 worked in the workweek. Plaintiffs have also submitted declarations to this effect. *See* Exhibits A–D. Therefore, Plaintiffs have sufficiently alleged Defendant Turnco breach of the FLSA.

Plaintiff is seeking the entry of Final Default Judgment because the damages sought by Plaintiffs are damages for past unpaid wages, including overtime wages. The unpaid wages, including overtime wages, are for an amount that is a "sum certain."

## IV.
## DAMAGES

Plaintiffs' declarations reflect the total damages claimed for unpaid wages, overtime wages, liquidated damages, attorneys' fees, and costs as provided by the FLSA, totaling $289,433.99. Ex. A–E. Plaintiffs will also provide testimony supporting these damages at an evidentiary hearing.

**A.     FLSA Damages**

Plaintiffs are claiming all available relief, including compensation, liquidated damages, post judgment interest, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the FLSA.

   *1.     Unpaid Overtime Wages*

The FLSA obligates an employer to compensate its employees at one-and-one-half times their regular rate for any workweek in which the employees work more than forty hours. 29 U.S.C. § 207(a)(1). Plaintiffs have established that Defendant Turnco violated the overtime provisions of the FLSA with respect to Plaintiff and the Opt-In Plaintiffs, and they are entitled to damages for all unpaid overtime compensation. *See generally,* ECF No. 104; Exhibits A–D. Specifically, Defendant Turnco did not pay Plaintiff and the Opt-In Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week. Because Defendant Turnco violated the overtime provisions of the FLSA, Plaintiff and the Opt-In Plaintiffs are entitled to damages for all unpaid overtime compensation.

Plaintiffs' declarations detail the hours worked for Defendants, the work schedule set by Defendants, and the illegal pay practices imposed by Defendants. *See* Exhibits A–D. As shown therein, Plaintiff and the Opt-In Plaintiffs unpaid overtime wages total $110,562.80.  *See id.*

   *2.     Liquidated Damages*

Under the FLSA a district court generally must award a prevailing plaintiff liquidated damages that are equal in amount to the plaintiff's actual damages. *Owens v. Marstek, LLC*, 548 F. App'x 966, 972 (5th Cir. 2013); *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998); 29 U.S.C § 216(b). Pursuant to 29 U.S.C. § 260, a Court may decline to award liquidated damages, but only if an employer shows to the satisfaction of the Court that the failure to pay a plaintiff overtime wages was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay

overtime wages was not in violation of the FLSA. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 226–27 (5th Cir. 1991); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003)). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985).

In this case, Plaintiff has alleged that Defendants' violations of the FLSA were neither reasonable nor in good faith and there is nothing in the record to contradict these assertions. *See* ECF No. 104. As Turnco is in default and has failed to answer or otherwise respond to the Amended Complaint, comply with court orders, or obtain counsel, Defendant Turnco cannot carry its burden to prove that its violation of the FLSA was both in good faith and reasonable that would make it unfair to impose liquidated damages upon it. Furthermore, by failing to respond to Plaintiff's Amended Complaint, Defendant Turnco has admitted all facts pleaded in Plaintiff's Amended Complaint, including that the overtime wage violations were willful. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

Therefore, Plaintiff and the Opt-In Plaintiffs are owed liquidated damages in addition to the overtime wages owed. Specifically, Plaintiff and the Opt-In Plaintiffs are owed $110,562.80 in liquidated damages. *See* Exhibits A–D.

Plaintiff's and the Opt-In Plaintiffs' total damages for overtime violations, including both actual and liquidated damages, should be set in the final judgment in the amount of $221,125.60 *Id.*

### 3. *Post-Judgment Interest*

Interest "shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). Such an award is mandatory under 28 U.S.C. § 1961 and should be awarded by the district court "as a matter of course." *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725 (E.D. Tex. Nov. 26, 2013). Furthermore, damages awarded under the FLSA are permitted post-judgment interest. *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983).

As a result, the Court should grant Plaintiff's request that post-judgment interest be included in the judgment entered under this Order.

## V.
## ATTORNEYS' FEES AND COSTS

As Plaintiff filed suit for violations of the FLSA, Plaintiff is entitled to recover his reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA.

Under the FLSA, the award of attorney's fees is mandatory, and courts have long recognized that to achieve the remedial goal of the FLSA attorney's fees must be awarded. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01-cv-00070, WL 3591962 at *3 (M.D. Ga. Dec. 30, 2005).

Case 2:20-cv-00652-MLG-KRS   Document 141   Filed 02/18/25   Page 15 of 18

In *Hensley v. Eckerhart*, the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." 461 U.S. 424, 433 (1983); *accord Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To determine the amount of attorney's fees to be awarded, the Fifth Circuit utilizes a two-step process to derive the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* at 324. Then, the court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *See id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). There is a strong presumption of the reasonableness of the lodestar amount. *See Saizan,* 448 F.3d at 800.

1. **Hourly Rate**

The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* By his declaration, attorney Clif Alexander has demonstrated that he is familiar with the rates charged by attorneys with similar experience in the District of New Mexico. *See* Ex. E.

Importantly, Defendants failed to present any evidence that the rates requested are not reasonable rates for an attorney in the District of New Mexico with the experience and qualifications of Plaintiff's counsel. Plaintiff has met his burden of showing that a reasonable hourly rate for his attorney is $650.00 in this matter.

*Motion for Final Default Judgement Against Turnco*                                                                                                   15

### 2. Hours Expended

Plaintiffs have put forth evidence that their counsel have expended over 151.3 hours of attorney time litigating this case, including substantial efforts related to obtaining the requested default judgment against Defendant Turnco. This time includes investigating Plaintiffs claims, drafting and filing the Complaint and Amended Complaint, perfecting service, engaging in discovery and motion practice, attending court hearings, attempting to compel Turnco's participation, addressing Turnco's failure to respond to Court orders, and taking the necessary steps to secure default judgment.. Additionally, Plaintiffs' counsel was required to travel to New Mexico for a hearing on Turnco's counsel's motion to withdraw and the enforcement of the settlement agreement, further increasing the time and costs incurred due to Turnco's failure to participate in this litigation. Because Defendants are jointly and severally liable, Plaintiffs are entitled to recover these fees in full.

### 3. Costs

Finally, as stated in the Declaration of Clif Alexander, Plaintiff has incurred costs of $5,143.39. These costs include expenses incurred in filing motions, attending hearings, and efforts to compel Turnco's participation in this litigation, and related to obtaining this default judgment against Defendant Turnco. *See* Ex. E. Plaintiff is entitled to reimbursement of his costs permitted under 28 U.S.C. §1920. *See* 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests the entry of a Final Default Judgment against Defendant Turnco in the principal amount of $221,125.60 plus $63,165.00 in attorneys' fees and $5,143.39 in costs for a total of $289,433.99.

Date:   February 18, 2025                                  Respectfully submitted,

                                                                         **ANDERSON ALEXANDER, PLLC**

                                    By:     /s/ *Clif Alexander*
                                                   **Clif Alexander**

State Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
State Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
State Bar No. 24071993
lauren@a2xlaw.com
**Blayne Fisher**
State Bar No. 24090099
NM Bar No. 22-89
blayne@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 18, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of New Mexico, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. A true and accurate copy of the foregoing was mailed to the following by Certified US Mail:

**CM/RRR # 9589071052701454045231**
**AND FIRST-CLASS MAIL**
Turnco Enterprises, LLC
5708 CR 7550
Lubbock TX 79424

                                                */s/ Clif Alexander*
                                                Clif Alexander